Dr. David C. FARSHY,
Plaintiff-Appellant,

v.

Irving G. KAGAN, etc., et al.,
Defendants-Appellees.

No. 76–2896.

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1978.

David C. Farshy, pro se.

John W. Stokes, Jr., U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., Carl H. Harper, Reg. Atty., Thomas A. Rice, Asst. Regional Atty., Dept. of HEW, Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, TUTTLE and THORNBERRY, Circuit Judges.

PER CURIAM:

Dr. David Farshy sought to enjoin his employers at the Center for Disease Control (CDC) in Atlanta from terminating his employment pending resolution of his Title VII, discrimination-in-employment suit. The District Court denied his motion in a carefully deliberated Order and Dr. Farshy appeals. Cognizant of our somewhat limited role in reviewing denials of temporary injunctive relief, we affirm.

Dr. Farshy brought this Title VII suit alleging that his supervisors had retaliated against him for filing complaints with the Civil Service Commission, in violation of 42 U.S.C. § 2000e–3.[1] While this suit was pending before the District Court, Dr. Farshy was given notice of his discharge from

1. In pertinent part, 42 U.S.C. § 2000e–3 provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his

the CDC. Dr. Farshy then moved for a preliminary injunction until his Title VII suit was determined.

In ruling on Dr. Farshy's motion, the District Court referred to the four prerequisites that have been established for the extraordinary relief of a preliminary injunction:

(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

See Morgan v. Fletcher, 5 Cir., 1975, 518 F.2d 236, 239; Canal Authority v. Callaway, 5 Cir., 1974, 489 F.2d 567, 572. The Court carefully analyzed the second factor—the question of irreparable harm—and expressed strong doubt whether Dr. Farshy had presented sufficient evidence to satisfy that prerequisite. But the ground upon which the District Court finally and explicitly denied the injunction was the first factor—likelihood of success on the merits: "Plaintiff has not introduced one shred of evidence that any of defendants' actions resulted from a discriminatory animus on their part; and the evidence of possibly retaliatory treatment is slight at best * * *."

■ The grant or denial of a preliminary injunction rests in the discretion of the District Court, and appellate review is limited to determining whether the District Court abused its discretion as bounded by the four prerequisites set forth above. E. g., Canal Authority v. Callaway, supra, 489 F.2d at 572.

■ In denying Dr. Farshy's motion in this case, the District Court clearly acted within its discretion. Should it eventually be determined that Dr. Farshy was indeed discharged in violation of Title VII, he would be entitled to a complete restoration

employees * * * because [they have] opposed any practice made an unlawful employment practice by this subchapter, or because

of pay under the Back Pay Act, 5 U.S.C. § 5596, and any harm could be remedied. See generally Sampson v. Murray, 1974, 415 U.S. 61, 94 S.Ct. 397, 39 L.Ed.2d 166. More significant, however, is the fact that on the record as it now exists, Dr. Farshy has not carried his burden of persuading us that the District Judge was in error in concluding that he is not likely to prevail on the merits. On these probabilities, we echo the conclusions of the District Court: the evidence thus far presented "reveals that the plaintiff, an otherwise competent scientist, is basically unable to achieve results in the CDC work environment. * * * [T]he evidence does not reveal that the discharge decision or other activity by defendants * * * resulted from any discriminatory or retaliatory animus on their part."

AFFIRMED.

[they have] made a charge * * * under this subchapter.